IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| INVESTMENT MANAGEMENT & RESEARCH INC., *et al*, | |
| Plaintiffs, | CIVIL ACTION NO. |
| v. | 98-AR-2998-J |
| C. HOMER FILES, | |
| Defendant. | |
| ************************** | |
| INVESTMENT MANAGEMENT & RESEARCH, INC., *et al.*, | CIVIL ACTION NO. |
| Plaintiffs, | 98-AR-2999-J |
| v. | |
| MARY LOU PAYNE, | |
| Defendant. | |

FILED
'99 DEC 27 PM 3:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
DEC 27 1999

### MEMORANDUM OPINION

Both of the above-referenced consolidated cases were filed on December 2, 1998, several months before this court decided *Fidelity Warranty Services, Inc. v. Kidd,* 45 F. Supp. 2d 1284 (N.D. Ala. 1999), a procedurally identical case in which this court unabashedly held that it lacked jurisdiction over a virtually identical petition to compel arbitration. On December 17, 1999, the Eleventh Circuit denied an application for *en banc* reconsideration of the opinion in which it affirmed this court's

dismissal of *Fidelity Warranty*'s petition. It is unnecessary to repeat here the reasoning this court employed in *Fidelity Warranty*. In short, this court found that it lacked the jurisdiction that plaintiff had erroneously invoked under 28 U.S.C. § 1332, because the necessary $75,000 value of the "matter in controversy" did not exist.

Counsel for the plaintiff and for the defendants in the above two cases are, or should be, familiar with *Fidelity Warranty* because they are counsel in a procedurally identical case, *Woodmen of the World Life Ins. Co. v. Cole*, CV-99-AR-932-J, which is presently on appeal to the Eleventh Circuit from this court, which, consistent with its holding in *Fidelity Warranty,* dismissed the plaintiff's identical petition to compel arbitration.

After an unsuccessful attempt at mediation, plaintiff in both of the above two named cases, asserts that the respective defendants have become reconciled to the idea of arbitrating the claims they make in their pending state court complaints, and that defendants join plaintiff in seeking orders from this court compelling arbitration. Because the magistrate judge to whom the cases were assigned cannot enter dispositive orders without the consent of the parties, and because that consent was not forthcoming, the cases were referred to this district judge by the random selection process triggered under such circumstances. Depending upon the point of view, it is either fortunate or

2

unfortunate that the cases landed on this judge's desk.

Speaking of "consent," litigants cannot, by consent or express agreement, confer subject matter jurisdiction upon federal courts, which are courts of limited jurisdiction. The above-named parties can, of course, proceed with any alternate dispute resolution mechanism they choose, or they can be ordered to arbitrate by a court of **competent** jurisdiction, but a court without jurisdiction cannot order the parties to do anything. The mere fact that this court believes that *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Electronics, Inc.*, 120 F.3d 216 (11th Cir. 1997), was wrongly decided does not entitle this court to ignore it. Unless and until *Ericsson GE* is overruled by the Eleventh Circuit sitting *en banc,* or by a ruling of the Supreme Court of the United States when it gets around to reconciling the conflict between circuits acknowledged to exist by the Eleventh Circuit in *Ericsson GE,* that case remains the law of the Eleventh Circuit, and this court will follow it. *See Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Electronics, Inc.,* 179 F.R.D. 328 (N.D. Ala. 1998).

An appropriate separate order of dismissal, applicable to both cases, will be entered.

DONE this 27th day of December, 1999.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

3